UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., a Delaware corporation; and J.L. CHILDRESS CO., INC., a California corporation, | Case No. C20-1215RSM |
| Plaintiffs, | ORDER DENYING PLAINTIFFS' MOTION FOR TRO, GRANTING EXPEDITED DISCOVERY, ELECTRONIC SERVICE OF PROCESS, AND SEALING OF CASE |
| v. | |
| TANG ZHI, an individual, d/b/a Kelvee, et al., | |
| Defendants. | |

On August 10, 2020, Plaintiffs Amazon.com, Inc. ("Amazon") and J.L. Childress Co., Inc., ("J.L. Childress") filed this case with a Motion seeking 1) an ex parte temporary restraining order ("TRO"), 2) expedited discovery, and 3) alternate service by email. Dkt. #5. Plaintiffs filed a separate Motion seeking to temporarily seal this case. Dkt. #4.

Plaintiffs' Complaint alleges that Defendants Tang Zhi, Jielong Zheng, Zheng Song Jiang, Pan Yong Jie, Zhao Yinhang, Zhang Qi, Li Shuang Yin, Suuan Yuadn, Chen Guangzhao, Carolyn Meyer, and Zhang Jin Yong have violated J.L. Childress's intellectual property rights and caused harm to both Plaintiffs by selling counterfeit childcare travel accessories on Amazon.com. Dkt. #1.

ORDER DENYING PLAINTIFFS' MOTION FOR TRO, GRANTING EXPEDITED DISCOVERY, ELECTRONIC SERVICE OF PROCESS, AND SEALING OF CASE - 1

Filed with the TRO Motion are the declarations of J.L. Childress President Kate Childress Doti, investigator Alex Calvert, and Plaintiffs' counsel Bonnie E. MacNaughton. Because this is an ex parte Motion, the facts in these declarations as set forth below are uncontested and essentially taken at face-value by the Court, unless otherwise noted.

Ms. Doti describes the company's business of selling parenting and childcare accessories worldwide, including on Amazon.com.   Dkt. #6 ("Doti Decl.") at ¶ 3.   J.L. Childress "consistently monitor[s] online retailer sites around the world for IP infringement and counterfeit sellers." *Id.* at ¶ 6.   In 2019, Ms. Doti learned that sales of what appeared to be J.L. Childress products were occurring on Amazon.com through six third-party "Selling Accounts": Kelvee, Mibim, Haioumo, Baby Artifact, Ceciltga, and Spenceria.   *Id.* at ¶ 8.   J.L. Childress had not licensed nor authorized the owners or operators of these Selling Accounts to manufacture, import, advertise, market, offer, or sell products bearing the logo and name of J.L. Childress.   In the fall of 2019, the company made several test purchases and examined the printing, fabric, and stitching of the products, ultimately determining that these were counterfeits. *Id.* at ¶¶ 9–25.   Ms. Roti declares, in a conclusory matter without citation to market research or other evidence, that "Defendants' advertisement, marketing, distribution, offering for sale, and sale of counterfeit J.L. Childress products has caused and continues to cause irreparable harm to J.L. Childress" and that Defendants have "undermined the trust customers place in the J.L. Childress brand." *Id.* at ¶ 26.   Ms. Roti also says that Defendants have caused "sustained disruption to our business operations and the diversion of significant resources to shut down Defendants' counterfeiting operation," and that these harms are "difficult, if not impossible" to measure in monetary terms. *Id.* at ¶ 27.   Ms. Roti estimates that

ORDER DENYING PLAINTIFFS' MOTION FOR TRO, GRANTING EXPEDITED DISCOVERY, ELECTRONIC SERVICE OF PROCESS, AND SEALING OF CASE - 2

her company has lost "at least $500,000" in sales, apparently based on the total sales of the counterfeit items. *Id.* at ¶ 28.

Mr. Calvert is a risk manager and investigator for Amazon's Counterfeit Crimes Unit. Dkt. #6-1 ("Calvert Decl."), ¶ 1. He declares that the named Defendants in this case, listed above, are the individuals who registered the six third-party selling accounts and/or had bank accounts linked to them to receive the proceeds of sales. *Id.* at ¶ 4. When these individuals signed up to sell products on Amazon.com, they apparently provided email addresses like "kyp4px@126.com" and listed China as their country of origin, but Mr. Calvert makes no mention of Amazon collecting a physical business address. *See id.* at ¶¶ 8–38. It appears an email address and a bank account were the necessary qualifications to sell on Amazon.com. Mr. Calvert has been unable to confirm the current location of any of the named individuals. Credit cards were provided for these accounts with billing addresses in China. *Id.* Mr. Calvert does not explain why the billing addresses have not led to the location of the individuals. In any event, these accounts had their sales proceeds deposited in bank accounts located in the United States, for which Amazon has specific account numbers. *Id.* For each of these accounts, J.L. Childress reported the sale of counterfeit items to Amazon. *Id.* All of the accounts were shut down in late December of 2019 or early January of 2020. *Id.*

**A. Temporary Restraining Order**

Cutting straight to the heart of Plaintiffs' Motion, they ask the Court to restrain Defendants from selling counterfeit J.L. Childress items or moving or destroying the items or other evidence. Dkt. #5-1. Plaintiffs also seek an order directing banks and other financial institutions to freeze Defendants' assets where they can be located, starting (but not ending) with those United States bank accounts listed in the declaration of Mr. Calvert. *Id.* Plaintiffs

argue that they have shown immediate and irreparable harm because the ongoing sale of counterfeit J.L. Childress products will damage J.L. Childress's goodwill with customers and tarnish Amazon's brand and reputation.   Dkt. #5 at 24.   Plaintiffs state "the harm is continuing," Dkt. #5 at 25, but have no evidence of that, having already shut down the six above accounts.   Plaintiffs merely state, "Defendants' fraudulent counterfeiting activity has been highly profitable for them, and it stands to reason that they will continue their illegal activity absent court intervention." *Id*.   Later, Plaintiffs make the case that the Court needs to immediately and without notice freeze Plaintiffs' assets because "Defendants operate overseas and are beyond the reach of a court judgment." *Id*. at 29.   Plaintiffs state they "have reason to believe that Defendants funnel proceeds of their fraud to foreign bank accounts held in China," and that "it is virtually guaranteed that as soon as Defendants learn about the existence of this lawsuit, they will repatriate all of their assets currently held in the United States to China to prevent them from being made available to satisfy an award for Plaintiffs in this case." *Id*. Plaintiffs provide citations to support these arguments, however these point only to the declaration of Plaintiffs' own counsel.   A review of the cited paragraphs finds counsel merely repeating what was said in argument.

"Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted."   LCR 65(b)(1).   "The Court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury… will result to the movant before the adverse party can be heard in opposition; and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."   Fed. R. Civ. P. 65(b)(1).

ORDER DENYING PLAINTIFFS' MOTION FOR TRO, GRANTING EXPEDITED
DISCOVERY, ELECTRONIC SERVICE OF PROCESS, AND SEALING OF CASE - 4

The Court has reviewed Plaintiffs' Motion and finds it has failed to cite to specific facts in an affidavit clearly showing immediate and irreparable injury will result before the adverse parties can be heard in opposition.  It seems the injury has already occurred.  Amazon shut down Defendants' accounts over six months ago.  Plaintiffs speculate without evidence that Defendants are continuing to sell counterfeit goods.  Perhaps.  It is just as possible that Defendants, realizing they have been caught selling counterfeit J.L. Childress products, have stopped.  There is no evidence here that Defendants are selling counterfeit goods on other websites.  If Defendants were to try again on Amazon.com, the Court does not see why a Court Order is necessary for Plaintiff Amazon to police its own website.  The request to avoid irreparable harm by freezing Defendants' assets has more legal support, however it rests on a shaky foundation of attorney speculation as to where the funds are and where they are going if Defendants receive notice of this lawsuit.  The Court can speculate just as readily: given that over six months have passed since the accounts were shut down, it stands to reason that the money has long since left the known bank accounts.  The Court will not grant Plaintiffs carte blanche to freeze unpresented, potentially connected accounts.  On the other hand, it also seems possible that Defendants' assets in China can be located and obtained with some effort, thus negating any irreparable harm from the transfer of money from one bank account to another.  It has not been established with citation to facts that this is not possible.  Given all of the above, Plaintiffs have failed to show the required immediate and irreparable harm for an ex parte TRO.

**B.  Expedited Discovery**

This Court may authorize expedited discovery before the Rule 26(f) conference for the parties' and witnesses' convenience and in the interests of justice.  Fed. R. Civ. P. 26(d).  Courts within the Ninth Circuit generally consider whether a plaintiff has shown "good cause"

for such early discovery.  *See, e.g., Yokohama Tire Crop. v. Dealers Tire Supply, Inc.*, 202 F.R.D. 612, 613-14 (D. Ariz. 2001) (collecting cases and standards).

Plaintiffs argue that they have spent months investigating Defendants, but still do not know their current whereabouts or the location of the proceeds from counterfeit sales.  Dkt. #5 at 19.  Plaintiffs are hoping to use third-party subpoenas directed to the banks and credit cards associated with Defendants, as well as U.S.-based ISPs and logistics companies, to answer these questions and to identify potential additional Defendants.

The Court finds Plaintiffs have demonstrated sufficient diligence in preparing this case, that they are seeking relevant information, and that Defendants will not be overly prejudiced by limited expedited discovery.  The Court will permit expedited discovery as stated below.

## C.  Alternate Service

Plaintiffs next request approval to serve Defendants via the email addresses used to register the six Selling Accounts.  Dkt. #5 at 29.  Plaintiffs argue that email was the exclusive means by which Amazon communicated with Defendants, citing the declaration of Mr. Calvert. *Id.*  Plaintiffs present adequate argument that service by email is permitted under the Hague Convention for Defendants located in China.  *See id.* at 30.

The Court finds that service by email is permitted under the circumstances of this case, specifically where the foreign defendants are residing in China and plaintiff has been unable to ascertain physical addresses for service after a reasonable effort.  *See Keck v. Alibaba.com, Inc.*, 2018 WL 3632160, at *3–4 (N.D. Cal. July 31, 2018); *Microsoft Corp. v. Gameest Int'l Network Sales Co.*, 2017 WL 4517103, at *2-3 (N.D. Cal. Oct. 10, 2017); *Chanel, Inc. v. Lin*, 2010 WL 2557503, at *3 n.3 (N.D. Cal. May 7, 2010); *Williams-Sonoma Inc. v. Friendfinder*

*Inc.*, 2007 WL 1140639, at \*2 (N.D. Cal. Apr. 17, 2007).  Amazon has otherwise demonstrated good cause to obtain this relief.

### D.  Motion to Temporarily Seal Case

Plaintiffs move by separate Motion to temporarily seal this case.  Dkt. #4.  The Court understands Plaintiffs' position that Defendants will move assets or destroy evidence if they are made aware of this lawsuit.  Although the Court is not today granting Plaintiffs' requested TRO relief, with further expedited discovery, sealing this case may help prevent these harms.  The Court finds that Plaintiffs have presented compelling reasons and agrees to seal this case for 60 days.  The Court will review a status report from Plaintiffs before unsealing.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiffs' Motion for Temporary Restraining Order, Dkt. #5, is DENIED.

2) Plaintiffs' Motion for Expedited Discovery is GRANTED.  Plaintiffs may obtain information and documents through third-party subpoenas to:

    a.  Bank of America, N.A., Citibank, N.A., and First Century Bank, N.A.;

    b.  NetEase Information Technology Corporation;

    c.  Wanda Logistics, Inc. and Mayah Overseas Supply Chain Management, LLC.

Such information and document requests shall be limited to: the identities and addresses (physical and email) of Defendants, their agents, employees, and anyone acting in concert or participation with them; the location of any alleged counterfeit J.L. Childress products; and complete financial records for the bank accounts and credit cards linked to Defendants' selling accounts as cited in Plaintiffs' Motion and attached declarations already presented to the Court.

3) Plaintiffs' Motion for Alternate Service of Process is GRANTED IN PART.  Plaintiffs are authorized to effect alternate service of process on the named Defendants above through the emails associated with their Amazon Selling Accounts: kelvee@yeah.net, king7ying@163.com, begicke6775@126.com, kyp4px@126.com, carolyn288@163.com, and sescott@21cn.com.  If Plaintiffs identify additional defendants they must move the Court to obtain further authorization for alternate service.

4) Plaintiffs' Motion to Temporarily Seal this Case, Dkt. #4, is GRANTED.  This case is temporarily SEALED pending further order of this Court.

5) Plaintiffs are to file a status report with this Court within 60 days of the date of this Order addressing expedited discovery efforts, alternate service, and whether this case should remain sealed.  Failure to timely file this status report will result in the unsealing of this case.

DATED this 14th day of August, 2020.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE


ORDER DENYING PLAINTIFFS' MOTION FOR TRO, GRANTING EXPEDITED DISCOVERY, ELECTRONIC SERVICE OF PROCESS, AND SEALING OF CASE - 8