1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMAZON.COM INC; JL CHILDRESS CO INC, | Case No. 2:20-cv-01215-TMC-MLP |
| Plaintiff, | ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT AND PERMANENT INJUNCTION |
| v. | |
| TANG ZHI; ET AL, | |
| Defendant. | |

Before the Court is Plaintiffs Amazon and J.L. Childress's motion for entry of default judgment and a permanent injunction against Defendants Zhi Tang, Jielong Zheng, Songjiang Zheng, Yongjie Pan, Danni Bo, Guangzhao Chen, and Jinyong Zhang. Dkt. 50. None of the Defendants have appeared in this action or responded to Plaintiffs' motion. After review of Plaintiffs' motion, the relevant record, and governing law, the Court GRANTS Plaintiffs' motion.

## I.   BACKGROUND

On August 10, 2020, Plaintiffs filed this case alleging that Defendants operated accounts on Amazon.com through which they sold counterfeit J.L. Childress childcare products (such as stroller bags and other travel accessories) between 2018 and 2020. Dkt. 1 at 3, 12–22. Plaintiffs

sought and were granted expedited discovery and service on Defendants via the email addresses they used to register selling accounts on Amazon.com. Dkt. 4, 5, 10. Defendants Zhi Tang, Jielong Zheng, Songjiang Zheng, Yongjie Pan, Guangzhao Chen, and Jinyong Zhang were served via email on October 26, 2020. Dkt. 15. After additional discovery, Plaintiffs amended their complaint on June 12, 2023 to add Danni Bo as a defendant. Dkt. 29 at 4–5. On September 25, 2023, Plaintiffs also served Danni Bo via email. Dkt. 42.

Between July and November 2019, J.L. Childress made "test purchases" from Amazon.com selling accounts run by Defendants offering products advertised as J.L. Childress-branded merchandise. Dkt. 29 at 12–15. J.L. Childress examined the test purchases and determined they were counterfeits. *Id*. J.L. Childress informed Amazon of Defendants' counterfeit sales operations and Amazon blocked Defendants' selling accounts after performing its own verification. *Id*. at 15–16. Plaintiffs allege that Defendants sold at least $363,350 worth of counterfeit J.L. Childress-branded merchandise. Dkt. 50 at 10. Plaintiffs then filed this lawsuit to recover damages from Defendants' counterfeit sales and to obtain injunctive relief against Defendants' false advertising and sales. Dkt. 29 at 16–21.

None of the Defendants have appeared in this matter or otherwise contacted Plaintiffs' counsel or the Court. Accordingly, on December 7, 2020, the Court entered an order of default against Zhi Tang, Jielong Zheng, Songjiang Zheng, Yongjie Pan, Guangzhao Chen, and Jinyong Zhang. Dkt. 17. Default was entered against Danni Bo on November 17, 2023. Dkt. 44. On January 31, 2024, Plaintiffs moved for default judgment and permanent injunction against the Defendants under Federal Rule of Civil Procedure 55(b) and Local Civil Rule 55(b). Dkt. 50.

## II.    DISCUSSION

### A.    Jurisdiction

The Court first examines its jurisdiction when evaluating a motion for default judgment.

*See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). First, the Court has federal question jurisdiction based on Plaintiffs' claims for trademark infringement and false designation of origin under 15 U.S.C § 1121 and 28 U.S.C. § 1338, respectively. The Court exercises supplemental jurisdiction over Plaintiffs' related claims for violations of the Washington Consumer Protection Act pursuant to 28 U.S.C. §§ 1332 and 1367. Second, the Court has personal jurisdiction over Defendants because they consented to the forum selection clause in their seller agreements with Amazon selecting state or federal court in King County, Washington. *See* Dkt. 29 at 6, 31, 34; *Chan v. Soc'y Expeditions, Inc.*, 39 F.3d 1398, 1406–07 (9th Cir. 1994) ("[A] forum selection clause alone could confer personal jurisdiction . . . [and] would be an additional basis for establishing personal jurisdiction.") Defendants also directed their sales and other business conduct toward Washington State in their dealings with Amazon, therefore establishing minimum contacts, *see Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945), and a reasonable anticipation of "being haled into court" here. *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990). The Court has jurisdiction over the subject matter and the parties.

### B.    Default judgment standard

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure. The Rule authorizes the Court to enter default judgment against a party that fails to appear or otherwise defend in an action. Fed. R. Civ. P. 55. In deciding motions for default judgment, courts take "the well-pleaded factual allegations in the complaint as true, except those relating to the amount of damages." *Rozario v. Richards*, 687 F. App'x 568, 569 (9th Cir. 2017) (internal citations and quotation marks omitted)); Fed. R. Civ. P. 8(b)(6). Courts also do not accept the truth of statements in the complaint that amount to legal conclusions. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v.*

1

2    *Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992). Courts weigh the following factors

("*Eitel* factors") in deciding motions for default judgment:

3
4
> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's
> substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at
> stake in the action; (5) the possibility of a dispute concerning material facts; (6)
> whether the default was due to excusable neglect, and (7) the strong policy
> underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

5

6    *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986); *see NewGen, LLC v. Safe Cig, LLC*,

7    840 F.3d 606, 616–17 (9th Cir. 2016) (discussing how district courts "weigh" the *Eitel* factors).

8            Entry of default judgment is left to a court's sound discretion. *Aldabe v. Aldabe*, 616 F.2d

9    1089, 1092 (9th Cir. 1980). If a court determines that default judgment is appropriate, it then

10   determines the relief that should be given. *See TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915,

11   917–18 (9th Cir. 1987) (citing *Geddes*, 559 F.2d at 560).

12   ### C.      Plaintiffs are entitled to default judgment.

13           Plaintiffs argue that the *Eitel* factors favor entry of default judgment against all

14   Defendants. Dkt. 50 at 18–19. The Court agrees the *Eitel* factors weigh in favor of default

15   judgment as to all of Plaintiffs' claims: infringement of the J.L. Childress trademark, false

16   designation of origin of goods or services to J.L. Childress and Amazon, and violation of the

17   Washington Consumer Protection Act. *See id.* at 14–18.

18   ### 1.      Possibility of prejudice to Plaintiffs

19           Under the first *Eitel* factor, the Court considers whether Plaintiffs will suffer prejudice if

20   default judgment is not entered. *See, e.g.*, *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172,

21   1177 (C.D. Cal. 2002). Plaintiffs filed suit in August 2020, and no Defendant has responded or

22   otherwise defended in this action. Dkt. 1. Plaintiffs would be prejudiced without entry of default

23   judgment because they would be left without legal remedy given Defendants' lack of response.

24   *See, e.g.*, *Alliant Credit Union v. Williams*, No. CV18-8483-GW(PLAx), 2020 WL 10963955, at

*4 (C.D. Cal. Feb. 13, 2020). The first *Eitel* factor weighs in favor of default judgment.

### 2.   Substantive merits and sufficiency of the complaint

The second and third *Eitel* factors, concerning the merits of the plaintiff's claim and the sufficiency of their complaint, are "often analyzed together." *See, e.g.*, *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citing *PepsiCo*, 238 F. Supp. 2d at 1175). These two factors weigh in favor of default judgment when the plaintiff's complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Courts cannot enter default judgment if the complaint fails to state a claim. *See Moore v. United Kingdom*, 384 F.3d 1079, 1090 (9th Cir. 2004). Here, Plaintiffs assert they have established Defendants' liability as to all claims. The Court examines each claim in turn.

### a.   Trademark infringement

First, J.L. Childress seeks entry of default judgment on its claim that Defendants infringed its trademarks in violation of the Lanham Act, 15 U.S.C. § 1114. Dkt. 29 at 16–17; Dkt. 50 at 14–16. To state a claim for trademark infringement under the Lanham Act, J.L. Childress must plausibly allege that Defendants used: "(1) a reproduction, counterfeit, copy or colorable imitation of plaintiff's registered trademark, (2) without its consent, (3) in commerce, (4) in connection with the sale, offering for sale, distribution or advertising of any goods, (5) where such use is likely to cause confusion, or to cause a mistake or to deceive." *Amazon v. Kurth*, No. C18-0353-RAJ, 2019 WL 3426064, at *2 (W.D. Wash. July 30, 2019) (citing 15 U.S.C. § 1114(1)(2)). When a defendant uses a counterfeit mark, courts presume a likelihood of consumer confusion. *See Coach, Inc. v. Pegasus Theater Shops*, No. C12-1631-MJP, 2013 WL 5406220, at *3 (W.D. Wash. Sept. 25, 2013) (compiling cases). A "counterfeit" is a "spurious mark which is identical with, or substantially indistinguishable from, a registered

mark." *Id*.

In this case, J.L. Childress alleges that it owns trademark registration number 5,186,356 (IC 018) for the J.L. Childress trademark used in connection with childcare travel accessories ("J.L. Childress trademark"), Dkt. 29 at 2–3, and "Defendants advertised, marketed, offered, distributed, and sold counterfeit J.L. Childress products in the Amazon Store, using the J.L. Childress Trademark, without authorization" between 2018 and 2020, *id.* at 3. J.L. Childress conducted "test purchases" of purported J.L. Childress products sold by Defendants' Amazon.com selling accounts between July and November 2019, and determined the merchandise was counterfeit based on "deviations from J.L. Childress's authentic product and/or packaging." *See* Dkt. 6 at 14–42; Dkt. 29 at 12–15. Accepting these allegations as true, *Rozario*, 687 F. App'x at 569, the Court concludes it is likely that a reasonable consumer would have been deceived by Defendants into confusing their counterfeit merchandise with genuine J.L. Childress products. *See Coach*, 2013 WL 5406220, at *3. The second and third *Eitel* factors therefore weigh in favor of entry of default judgment on J.L. Childress's claim against Defendants for trademark infringement in violation of 15 U.S.C. § 1141(1)(1).

### b. False designation of origin

Second, J.L. Childress and Amazon seek entry of default judgment on their claims for Defendants' false designation of the origin of products or services under 15 U.S.C. § 1125(a). Dkt. 29 at 17–19; Dkt. 50 at 16–18. A claim for false designation of origin must plausibly allege that a defendant: "(1) used in commerce (2) any word, false designation of origin, false or misleading description, or representation of fact, which (3) is likely to cause confusion or mistake, or to deceive, as to sponsorship, affiliation, or the origin of the goods or services in question." *Luxul Tech. Inc. v. Nectarlux, LLC*, 78 F. Supp. 3d 1156, 1170 (N.D. Cal. 2015) (citing *Freecycle Network, Inc. v. Oey*, 505 F.3d 898, 902–04 (9th Cir. 2007)). Ownership of the

trademarks infringed is unnecessary because the Lanham Act "authorizes suit by any person who believes that he or she is likely to be damaged by a defendant's false advertising" so long as the plaintiff can "show economic or reputational injury flowing directly from the deception wrought by the defendant's advertising." *Lexmark Int'l v. Static Control Components, Inc.*, 572 U.S. 118, 129, 133 (2014) (applying 15 U.S.C. § 1125).

Here, both J.L. Childress and Amazon have proven their false designation claims. As discussed above, *supra* Section 2.C.2.a., Defendants advertised and sold counterfeit J.L. Childress-branded products through Amazon.com selling accounts. Plaintiffs allege this conduct misled consumers into purchasing counterfeit J.L. Childress merchandise believing that they were genuine products. Dkt. 50 at 17. Accepting J.L. Childress's allegations as true, *Rozario*, 687 F. App'x at 569, the Court concludes that J.L. Childress plausibly states a claim for false designation given that counterfeit versions of its products were falsely presented as genuine to consumers whose misdirected purchases affected sales of genuine merchandise. The Court also finds that Amazon states a plausible false designation claim. While Amazon is not an owner of the J.L. Childress trademark, it was deceived by Defendants who presented their counterfeit J.L. Childress merchandise as authentic inventory for their Amazon.com selling accounts— causing Amazon to allow counterfeit products to be sold through its website leading to consumer harm and plausible associated reputational and financial damage to Amazon. The Court concludes that J.L. Childress and Amazon have stated claims for false designation and the second and third *Eitel* factors weigh in favor of entering default judgment on these claims.

### c.  Washington Consumer Protection Act

Third, Plaintiffs seek entry of default judgment on their claims for Defendants' violations of the Washington Consumer Protection Act. A Washington Consumer Protection Act claim is "substantially congruous" to federal claims under the Lanham Act, *BBC Grp. NV LLC v. Island*

*Life Rest. Grp. LLC*, No. C18-1101-RSM, 2020 WL 758070, at *2 (W.D. Wash. Feb. 14, 2020), and requires a plaintiff to show "(1) an unfair or deceptive act or practice; (2) occurring in the conduct of trade or commerce; (3) affecting the public interest; (4) injuring its business or property; and (5) a causal link between the unfair or deceptive act and the injury suffered." *Id.* (citing *Lahoti v. Vericheck, Inc.*, No. C06-1132-JLR, 2007 WL 2570247, at *9 (W.D. Wash. Aug. 30, 2007), *aff'd*, 586 F.3d 1190 (9th Cir. 2009)).

Given the above discussion, *supra* Sections 2.C.2.a.–b., the Court finds that both J.L. Childress and Amazon have met the similar requirements of the Lanham Act and Washington Consumer Protection Act violations alleged—where deceptive commercial activity led to business injury. *See BBC Grp.*, 2020 WL 758070, at *2; *Amazon v. Kurth*, 2019 WL 3426064, at *2; *Luxul Tech.*, 78 F. Supp. 3d at 1170. Accordingly, the Court finds that the second and third *Eitel* factors also weigh in favor of entering default judgment on Plaintiffs' Washington Consumer Protection Act claims.

### 3.   The sum of money at stake

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of defendant's conduct." *PepsiCo, Inc.*, 238 F. Supp. 2d at 1176–77. The Court assesses whether the amount of money sought is proportional to the harm caused by Defendants' conduct. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *See Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014). Plaintiffs seek a total of $1,090,050 in statutory damages against Defendants, Dkt. 50 at 26, based on statutory damages of not less than $1,000 and no more than $2,000,000 per trademark affected. *See* 15 U.S.C. §§ 1117(c)(1)–(2). While the sum is substantial, Defendants' conduct also resulted in a substantial estimated minimum of $363,350 in counterfeit sales, Dkt. 50 at 23, and was characterized by willful infringing and misleading

commercial activity. The Court concludes that Plaintiffs' requested statutory damages are not unreasonable relative to the scale and seriousness of the conduct alleged, taking place over two years and spread across several defendants, and thus do not weigh against entry of default judgment.

### 4.    The possibility of dispute concerning material facts

As for the fifth *Eitel* factor, no genuine issue of material fact exists, and the factor does not weigh against default judgment. Once default is entered, well-pleaded factual allegations in the operative complaint are taken as true except for the allegations relating to damages. *TeleVideo Sys., Inc.*, 826 F.2d at 917–18. Here, all Defendants are in default. *See* Dkt. 17, 44.

### 5.    Whether default was due to excusable neglect

Under the sixth *Eitel* factor, the Court examines whether Defendants' default resulted from excusable neglect. *See PepsiCo*, 238 F. Supp. 2d at 1177. Plaintiffs have provided evidence that Defendants were served, *see* Dkt. 15, 42, and there is no evidence in the record to support a finding that Defendants' failure to respond is the result of excusable neglect. Accordingly, the Court concludes that the sixth *Eitel* factor weighs in favor of default judgment.

### 6.    Policy favoring decisions on the merits

Finally, the seventh *Eitel* factor favors that courts decide cases "upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, when a defendant fails to appear or defend themselves in an action, the policy favoring decisions on the merits is not dispositive. *See PepsiCo*, 238 F. Supp. 2d at 1177. Indeed, Federal Rule of Civil Procedure 55 allows courts to issue a default judgment if a defendant fails to appear or defend. *Id*. The Court finds that the seventh *Eitel* factor does not weigh against default judgment here.

**D.      Plaintiffs are entitled to remedies.**

Since the Court finds that all *Eitel* factors weigh in favor of entry of default judgment against Defendants, the Court now turns to remedies. *See TeleVideo Sys., Inc.*, 826 F.2d at 917–18. The Court does not consider defaulting defendants to have admitted the facts alleged concerning damages. *Id*. at 917. Instead, plaintiffs moving for default judgment should submit "a declaration and other evidence establishing [their] entitlement to a sum certain and to any nonmonetary relief sought." Local Rules W.D. Wash. 55(b)(2).

### 1.      Statutory damages

Plaintiffs seek a total of $1,090,050 in statutory damages against Defendants. Dkt. 50 at 26. Where there is willful use of a counterfeit mark, courts may award statutory damages between $1,000 and no more than $2,000,000 per trademark affected. *See* 15 U.S.C. §§ 1117(c)(1)–(2). Plaintiffs allege one impacted trademark, Dkt. 29 at 2–3, so the range of statutory damage is not less than $1,000 and not more than $2,000,000. Plaintiffs argue that the damages sought are conservative since there has been an estimated minimum of $363,350 in counterfeit sales, and the amount sought is treble this wrongfully derived revenue and within the ranges of compensation awarded in similar cases in this District. *See* Dkt. 50 at 23–26. Plaintiffs also emphasize the deterrent effect of awarding these damages. *Id*. The Court finds the sum to be reasonably calculated and supported by written declaration, *see* Dkt. 50 at 22–26; Dkt. 51, and accordingly grants the damages sought.

### 2.      Permanent injunction

Plaintiffs also ask the Court to permanently enjoin Defendants from:

    a.   Selling counterfeit or infringing products in Amazon's stores;

    b.   Selling counterfeit or infringing products to Amazon or any Amazon affiliate;

    c.   Manufacturing, importing, distributing, offering to sell, or selling any product

using J.L. Childress's brand or trademark, or which otherwise infringes J.L.

Childress's intellectual property, in any store or in any medium; and

d.   Assisting, aiding, or abetting any other person or business entity in engaging or

performing any of the activities listed in (a) through (c).

*See* Dkt. 50 at 27. The Lanham Act authorizes the Court to "grant injunctions according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the trademark owner." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1137–38 (9th Cir. 2006) (internal quotations omitted). Similarly, the Washington Consumer Protection Act also allows parties to seek a permanent injunction to prevent further violations. RCW 19.86.090. A permanent injunction is "an act of equitable discretion" such that courts should analyze "traditional equitable principles" before granting. *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 288, 391–92 (2006). A plaintiff seeking permanent injunction should satisfy the following four-factor test before a court may grant such relief ("equitable factors"): that (1) the plaintiff has suffered an irreparable injury, (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury, (3) considering the balance of hardships between plaintiff and defendant, a remedy in equity is warranted, and (4) the public interest is not disserved by a permanent injunction. *See id*. at 391.

First, when "infringement is shown, irreparable injury is generally presumed in a trademark case." *T-Mobile USA, Inc. v. Terry*, 862 F. Supp. 2d 1121, 1133 (W.D. Wash. 2012); 15 U.S.C. § 1116 ("A plaintiff seeking any such injunction shall be entitled to a rebuttable presumption of irreparable harm upon a finding of a violation identified in this subsection in the case of a motion for a permanent injunction"). Since the Court therefore presumes irreparable injury under 15 U.S.C. § 1116, and the defaulting Defendants fail to provide any rebuttal of such presumption, the first of the equitable factors is met.

ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT AND PERMANENT INJUNCTION - 11

Second, Plaintiffs contend that monetary damages do not adequately compensate for their injury because harm "resulting from lost profits and lost customer goodwill is irreparable because it is neither easily calculable, nor easily compensable and therefore is an appropriate basis for injunctive relief." Dkt. 50 at 31 (quoting *eBay, Inc. v. Bidder's Edge, Inc.*, 100 F. Supp. 2d 1058, 1066 (N.D. Cal. 2000)). Plaintiffs also contend they may be forced to repeatedly file new lawsuits whenever Defendants are found to infringe J.L. Childress's trademark rights or deceive consumers or Amazon. The Court agrees that the reputational damage caused by counterfeiting is difficult to quantify and Defendants' failure to respond suggests their infringing activities may continue. *See Amazon.com Inc. v. Robojap Techs. LLC*, No. C20-694-MJP, 2021 WL 5232130, at *4 (W.D. Wash. Nov. 10, 2021). The second equitable factor also weighs in favor of injunction, so that repetitive lawsuits will be unnecessary.

Third, the balance of hardships also supports the injunction sought by Plaintiffs. Without an injunction, Defendants could continue selling counterfeit J.L. Childress products and cause continued hardship for Plaintiffs whether financially or through requiring additional lawsuits to enforce Plaintiffs' rights. Fourth, a permanent injunction serves the public interest by protecting the rights of trademark holders and minimizing consumer confusion and the risk of purchasing fraudulent merchandise. *See Amazon.com, Inc. v. White*, No. C20-1773-JHC, 2022 WL 1641423, at *7 (W.D. Wash. May 24, 2022) (citing *Treemo, Inc. v. Flipboard, Inc.*, 53 F. Supp. 3d 1342, 1368 (W.D. Wash. 2014); *Robojap Techs.*, 2021 WL 5232130, at *4).

Accordingly, the Court grants the permanent injunction sought in this case.

### III.    CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiffs motion for default judgment (Dkt. 50), and JUDGMENT is entered as follows against Defendants on Plaintiffs' First Cause of Action for Trademark Infringement and Trademark Counterfeiting (15 U.S.C. § 1114), Second

---

and Third Causes of Action for False Designation of Origin and False Advertising (15 U.S.C. § 1125(a)), and Fourth Cause of Action for Violation of the Washington Consumer Protection Act (RCW 19.86.101 *et seq.*):

The Court awards J.L. Childress the following statutory damages in the amount of three times the aggregate sales of counterfeit products from each Defendant's respective Amazon Selling Accounts, based on Defendants' willful violations of the Lanham Act.

(a) An award of $190,125 against Zhi Tang and Jielong Zheng, jointly and severally, for counterfeit sales from the following Selling Account: Kelvee;

(b) An award of $189,618 against Songjiang Zheng for counterfeit sales from the following Selling Account: Mibim;

(c) An award of $378,951 against Yongjie Pan for counterfeit sales from the following Selling Account: Haioumo;

(d) An award of $229,629 against Danni Bo for counterfeit sales from the following Selling Account: Baby Artifact;

(e) An award of $53,115 against Guangzhao Chen for counterfeit sales from the following Selling Account: Ceciltga;

(f) An award of $48,612 against Jinyong Zhang for counterfeit sales from the following Selling Account: Spenceria.

The Clerk is directed to enter judgment against Defendants and in favor of J.L. Childress for the amounts set forth above.

Defendants and their officers, agents, servants, employees, and attorneys, and all others in active concert or participation with them who receive actual notice of the order, are hereby permanently ENJOINED AND RESTRAINED from:

(a) Selling counterfeit or infringing products in Amazon's stores;

(b) selling counterfeit or infringing products to Amazon or any Amazon affiliate;

(c) manufacturing, importing, distributing, offering to sell, or selling any product using J.L. Childress's brand or trademark, or which otherwise infringes J.L. Childress's intellectual property, in any store or in any medium; and

(d) assisting, aiding, or abetting any other person or business entity in engaging or performing any of the activities listed in (a) through (c) above.

The Court hereby retains jurisdiction over this case for the purpose of enforcing this Order and Injunction, and for any supplemental proceedings that may be authorized by law.

Plaintiffs' counsel is hereby directed to serve a copy of this Order and Injunction on Defendants' last known email addresses registered with Amazon, which Plaintiffs used to complete service.

Dated this 4th day of March, 2024.

Tiffany M. Cartwright
United States District Judge

ORDER GRANTING MOTION FOR ENTRY OF DEFAULT JUDGMENT AND PERMANENT INJUNCTION - 14